1   **CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
    **GARY G. GEUSS**, Chief Assistant City Attorney
2   **CORY M. BRENTE**, Assistant City Attorney
    **COLLEEN R. SMITH**, Deputy City Attorney - **SBN 209719**
3   Email: Colleen.Smith@lacity.org
    200 North Main Street
4   6th Floor, City Hall East
    Los Angeles, CA 90012
5   Phone No.: (213) 978-7027, Fax No.: (213) 978-8785

6   *Attorneys for Defendants* **CITY OF LOS ANGELES, et al.**

7

8                **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MOISES FERNANDEZ, MAGDALENA )   CASE NO. **CV10-5401 DDP (MANx)**
    FERNANDEZ    and    RODOLFO )   *Hon. Dean D. Pregerson- Ctrm. 3, 2ⁿᵈ Fl.*
12  FERNANDEZ,                  )   *Hon. Mag. Margaret A. Nagle- Ctrm. 580 Roybal*
                                )
13                              )   **PROTECTIVE   ORDER   ENTERED**
                Plaintiff,      )   **PURSUANT   TO   THE   PARTIES'**
14                              )   **STIPULATION**
          vs.                   )
15                              )
                                )
16  CITY   OF   LOS   ANGELES,   a )
    governmental agency; LOS ANGELES )
17  POLICE DEPT., a governmental agency; )
    CITY OF LOS ANGELES POLICE )
18  OFFICERS:  DE  LA  TORRE, )
    GONZALEZ,    MALDONADO, )
19  ARGUETA,    CONTRERAS, )
    CALLEROS, MARTINEZ, CASTILLO, )
20  PERKINS,   ZAVALA,   GOMEZ, )
    RAMOS, and other unidentified City of )
21  Los Angeles Police Officers; and Does 1 )
    through 100, inclusive,       )
22                              )
                                )
23              Defendants.      )
                                )
24  ─────────────────────────────

25      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the

26  parties' Stipulation for Proposed Order and [Proposed] Order ("Stipulation") filed on

27  August 3, 2011, the terms of the protective order to which the parties have agreed are

28  adopted as a protective order of this Court (which generally shall govern the pretrial

                                1

phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of Paragraphs 1, 7, 9, 10, 11, and 13 of, and Attachment "A" to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," "Confidential Document(s)," "Confidential Material," or other similar designation(s) used by the parties, and/or all confidential or privileged information derived therefrom (singularly and collectively referenced as "Confidential Information") does not, in and of itself, create any entitlement to file such Confidential Information, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential Information is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties apparently have endeavored, through the introductory language in their Stipulation, to make a prospective showing of good cause. A prospective showing of good cause cannot be made, however, because a specific showing of good cause or compelling reasons (see below) for filing under seal, **with proper evidentiary support and legal justification**, must be made with respect to each item designated as Confidential Information which a party seeks to have filed under seal. The parties mere designation of any information, document, or thing as Confidential Information does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item

or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## <u>TERMS OF THE PROTECTIVE ORDER</u>

1. Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential the **Force Investigation Division ("FID") Report of the Los Angeles Police Department ("LAPD")** or any other document or writing that they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the document contains confidential or private information. Such documents may be classified as subject to this Protective Order by marking each document or writing with a watermark, such as "Confidential," "Confidential Document(s)," "Confidential Material," "Subject to Protective Order," or words of a similar effect. Documents and writings so designated, and all privileged information derived therefrom, *i.e.*, "Confidential

Information," shall be treated in accordance with the terms of this **Protective Order**.

2.  Confidential Information may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case and for such other purposes as permitted by law.

3.  Subject to the further conditions imposed by this **Protective Order**, the Confidential Information may only be disclosed to the Court and to the following "qualified" persons:

(a)     Counsel of record for the parties to this civil litigation;

(b)     Parties to this civil litigation;;

(c)     Attorneys, paralegals, law clerks**,** stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

(d)     Expert witnesses consulted and/or retained for this action; and

(e)     The **Court** and court personnel, including stenographic reporters.

4.  Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide a copy of this **Protective Order** and have the individual to whom the Receiving Party intends to disclose said Confidential Information sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of **this Protective Order** and understands that s/he is bound by the terms of the **Protective Order**.

5.  Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after **the final determination of** this litigation, including any appellate review **and/or** monitoring of an injunction.  Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel.  If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Disclosing Parties, counsel

for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed documents, in camera with the Court having jurisdiction **to enforce the Protective Order**.

6.   The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles **("City")** and **the LAPD**, or any other current or former employee of the **LAPD** shall be subject to this Protective Order.  In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all documents designated as "Confidential Information," and all testimony involving information derived from such "Confidential Information" shall be segregated from the rest of the deposition.  No copies of such segregated "Confidential Information" portions of the materials described above shall be provided  to any persons other than those persons identified in paragraph 3.  Nothing in this **Protective Order** is intended to limit the rights of third parties to obtain such Confidential Information through discovery and subpoena in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Information.

7.   If any "Confidential Information" documents **are referenced or discussed,** or testimony **that is** derived from such documents **is given** at a deposition, those **present during** such **"Confidential"** portions of the depositions shall be bound by this Protective Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by Defendants City and **LAPD**, or any other current or former employee of the **LAPD that constitute, refer to, or reflect Confidential Information.**

8.   Upon final termination of this litigation, including any appeal pertaining thereto, all documents still classified as Confidential Information at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 above, **other than to the Court and its personnel,** shall be returned to the Disclosing Party within thirty (30) days.

9.  If any Receiving Party who receives Confidential Information is served with a subpoena or other request seeking Confidential Information, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the Confidential Information sought and the time in which production or other disclosure is required. Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information.  However, in no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel, unless required by court order arising from a motion to compel production or disclosure of Confidential Information **or an order otherwise entered by a court of competent jurisdiction.  Nothing in these provisions should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.**

10.   Any pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions to the Court in this litigation **that** contain or incorporate Confidential Information shall be filed **in accordance with** Local Rule 79-5, which governs the filing of documents under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions that refer **to,** but do not contain or incorporate Confidential Information, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain **Confidential Information**, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the **Confidential Information**, under seal, and that the application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11.  Counsel for the parties agree to request that any motions, applications, or other pre-trial proceedings which would entail the disclosure of Confidential Information be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the Court orders otherwise. The terms of this agreement do not apply to evidence presented at trial. Any party seeking to limit the introduction of Confidential Information at trial shall take the matter up with the judicial officer conducting the proceeding at an appropriate time **in advance of the proceeding.**

12.  Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence on grounds including, but not limited to, relevance and privilege.

13.  At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the Disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for the Receiving Parties' objection.  The Disclosing Party shall, within 30 days of receipt of the written notice, advise the counsel for the Receiving Parties whether the Disclosing Party intends to seek an order from the Court **confirming that** the documents **are entitled to protection under this** Protective Order.   Counsel for the Receiving Parties must, upon receipt of such written notice, continue to treat the documents as Confidential Information until such time as the Court issues a ruling on the Disclosing **Party's** motion to maintain the confidentiality of said documents. Notwithstanding the foregoing, any party bound by this **Protective Order** who **or which** contests the confidential nature of documents produced pursuant to this **Protective Order** may move the Court for an order to have the documents removed from the **protection of this** Protective Order and to have the documents declared not confidential or otherwise may move to modify **this Protective Order** as to some or all of the documents.   These procedures are in addition to, and not in lieu of, compliance with Local Rule 37-1, et seq. relating to discovery motions.

14.   Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15.   Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

**IT IS SO ORDERED.**

DATED:  September 26, 2011

_Margaret a. Nagle_

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT "A"**

**NONDISCLOSURE AGREEMENT**

    I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in <u>Moises Fernandez, et al v. City of Los Angeles, et al.</u>, United States District Court for the Central District of California, Central Division, Case No. CV10-05401 DDP (MANx), and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

    Dated: _____     Signed: _____